IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DOUGLAS MCGUFFEY #2043256 | § | |
| | § | |
| V. | § | W-17-CA-297-ADA |
| | § | |
| DAVID BLACKWELL, et al. | § | |

## ORDER

Before the Court is Defendant Glenn Skeen's Motion for Summary Judgment (#51). Plaintiff did not respond.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff complains that Defendant Skeen, an officer at the Hughes Unit, was verbally and physically abusive toward Plaintiff and other inmates on several occasions in the dining hall.

Plaintiff's complaint was originally dismissed by the Court as frivolous. The Fifth Circuit, however, reversed and remanded claiming that Plaintiff's claim of excessive force had at least some basis in law or fact. Following the remand, the Court initially served both Defendants David Blackwell and Glenn Skeen. However, as Defendants advised, the Fifth Circuit found that Plaintiff had waived his claims on appeal as they related to Defendant Blackwell. Therefore, Glenn Skeen is the only remaining Defendant.

DISCUSSION AND ANALYSIS

A.     Factual Background

Plaintiff complains that Defendant Skeen, an officer at the Hughes Unit, was verbally and physically abusive toward Plaintiff and other inmates in the dining hall. Specifically, Plaintiff alleges that on December 10, 2016, Defendant Skeen ran into Plaintiff in the dining hall and threatened and insulted him while Plaintiff was in line for dinner. Later, while Plaintiff was eating his meal, Plaintiff alleges Defendant Skeen continued to threaten and insult him.

Eventually, Defendant Skeen allegedly grabbed Plaintiff's spoon, scooped out some of Plaintiff's food, and threw the food on the floor. Plaintiff alleges Defendant Skeen said "you better not ignore me again" and then dropped the spoon onto the floor and "jabbed [Plaintiff] really hard in the right shoulder" leading to a bruise on Plaintiff's shoulder.[1] Plaintiff seeks an injunction preventing Defendant Skeen from working in the dining halls and punitive damages.

B.     Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). When a motion for summary

---

[1] The Fifth Circuit indicated that Plaintiff's only remaining claim was the excessive force claim from December 10, 2016, and that the prior dismissal of the claims of verbal harassment, including a separate incident on December 24, 2016, were not challenged by Plaintiff on appeal.

judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* at 323-24. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

C.     Personal Involvement

As a threshold matter, Plaintiff must show evidence that Defendant Skeen was personally involved. However, the undisputed summary judgment evidence shows that Defendant Skeen was not working at the Hughes Unit on December 10, 2016. Plaintiff failed to respond to this evidence and failed to explain any additional information that could alter the analysis. In other words, Plaintiff alleged that Skeen used excessive force by jabbing him in the shoulder on December 10, 2016, but Skeen was not at the Hughes Unit on the day in question. Therefore, Plaintiff has failed in a crucial element of his claim.

To the extent Plaintiff is asserting Defendant Skeen is liable due to any supervisory role, those claims must be dismissed. Supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. *Monell v. Department of Social Services*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* at 304. Plaintiff presents no summary judgment evidence whatsoever that Skeen knew of and disregarded a substantial risk to Plaintiff's

safety or implemented any constitutionally deficient policy. Therefore, Defendant Skeen is entitled to summary judgment.[2]

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment (#51) is **GRANTED.**

**SIGNED** on June 19, 2020

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[2] Because the summary judgment evidence shows that Skeen was not present at the time of the alleged incident with Plaintiff, the Court need not analyze the question of whether Skeen's alleged action was a use of excessive force. The Court notes however, that based on Plaintiff's claims alone, the force does not appear to have been used in an effort to maintain or restore discipline. Neither Plaintiff nor Defendant, however, offer evidence or legal support addressing whether a jab to the shoulder resulting in a bruise the type of malevolent act that should give rise to a federal cause of action. See Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (noting that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992).